GAIUS G. GANNON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY P. GANNON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26762, 26763. Promulgated May 22, 1951.

*Paul Port, Esq.*, for the petitioner.
*Joseph P. Crowe, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The issue in these proceedings may be stated as follows: When petitioner Gaius G. Gannon withdrew from a law

partnership and pursuant to the partnership agreement his partnership investment was not returned did petitioners sustain a loss within the meaning of either subsection (e) or (g) of section 23 of the Internal Revenue Code?[1]

Respondent's primary contention is that petitioner did not sustain any loss upon his withdrawal from the firm of Baker-Botts. In the alternative, respondent contends that if petitioner did sustain a loss, such loss was a capital loss within the meaning of sections 23 (g) and 117 of the Internal Revenue Code.

We shall first consider whether petitioner sustained a loss. There is no dispute herein as to the facts. Petitioner voluntarily withdrew from the firm of Baker-Botts to practice law on his own behalf and pursuant to the partnership agreement no portion of the $10,770.42 which petitioner paid to acquire his 6.2 per cent interest in the firm was returned to him. There is no question raised by respondent as to the date of the loss, if any, as the transaction was finally closed in the taxable year 1944, and petitioner's basis in the property is stipulated to be $10,770.42. In his return for the year 1944, petitioner claimed $10,770.42 as a loss incurred in his trade or business and respondent does not contend that the loss, if any, was not so incurred, except in so far as respondent contends this was a capital loss. When petitioner withdrew from the firm on December 29, 1944, he received no consideration of any kind from the firm of Baker-Botts for the $10,770.42 which he had paid for his 6.2 per cent interest.

Petitioner requested that the remaining partners not enforce the forfeiture provision of the contract and that they reimburse him for his investment; however, the forfeiture provision was applied. If petitioner had continued in the partnership he would have continued to be the owner of this valuable property interest which was forfeited.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

     *       *       *       *       *       *       *

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. No loss shall be allowed as a deduction under this paragraph if at the time of the filing of the return such loss has been claimed as a deduction for estate tax purposes in the estate tax return.

     *       *       *       *       *       *       *

(g) CAPITAL LOSSES.—

(1) Limitation.—Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117.

(2) Securities becoming worthless.—If any securities (as defined in paragraph (3) of this subsection) become worthless during the taxable year and are capital assets, the loss resulting therefrom shall, for the purposes of this chapter, be considered as a loss from the sale or exchange, on the last day of such taxable year, of capital assets.

     *       *       *       *       *       *       *

If the partners had all agreed to a complete dissolution with partition of the assets, Gannon would have received his pro rata share of the assets. If he had died while a partner his interest in the firm would have been paid for by those surviving upon the basis set out in the contract. Instead, for the reasons which we have set out in our findings of fact, he decided to relinquish his interest in the firm of Baker-Botts and establish a law office of his own where he could, so to speak, be his own boss. He thereby lost his investment in the Baker-Botts firm. We, therefore, hold that petitioner sustained a loss of $10,770.42 in 1944. This loss is deductible under the provisions of section 23 (e) of the Internal Revenue Code, unless, as respondent contends, the loss was occasioned by the "sale or exchange" of a capital asset within the meaning of sections 23 (g) and 117 of the Internal Revenue Code.

Petitioner's interest in the firm of Baker-Botts represented a capital asset, *Allan S. Lehman*, 7 T. C. 1088, aff'd., 165 F. 2d 383, certiorari denied, 334 U. S. 819, and if there was a sale or exchange of his interest it would be subject to the limitations of sections 23 (g) and 117 of the Internal Revenue Code. It is, therefore, necessary for us to determine whether petitioner's withdrawal from the firm of Baker-Botts represented the sale or exchange of his interest in the partnership. The words "sale" and "exchange" as used in the Internal Revenue Code must be given their ordinary meanings. *Helvering v. Flaccus Oak Leather Co.*, 313 U. S. 247; *Hale v. Helvering*, 32 B. T. A. 356, aff'd., 85 F. 2d 819.

Respondent contends that when Gannon separated from the firm he left the $10,770.42 he had paid for his partnership interest in the firm in consideration of the firm's freeing him from the restriction imposed when he signed the partnership agreement, thereby creating an exchange of property rights and bringing the transaction within the provisions of section 117 of the Code. We cannot agree with this contention. Petitioner's interest in the partnership represented a valuable asset and when he withdrew from the firm of Baker-Botts he lost this asset without receiving any consideration. Petitioner's withdrawal resulted in a *forfeiture* of his $10,770.42. Although a forefeiture in some special instances may result in a capital gain or loss (see section 117 (g), I. R. C.) the forefeiture of petitioner's $10,770.42 was not a sale or exchange as those words are ordinarily used and, therefore, petitioner's loss is not limited by section 117 of the Internal Revenue Code.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*